UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICIA GERIG,
          Plaintiff,

-vs-                                            Case No. 5:08-cv-453-Oc-18GRJ

MICHAEL J. ASTRUE, Commissioner of
Social Security,

          Defendants.

## ORDER

THIS CAUSE comes for consideration on Plaintiff Patricia Gerig's ("Gerig") appeal from a final decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for Supplemental Security Income ("SSI") (Doc. 11, filed Mar. 9, 2009) to which the Commissioner responded in opposition (Doc. 18, filed July 8, 2009). Magistrate Judge Gary R. Jones issued a Report and Recommendation recommending that the Commissioner's decision be reversed and remanded for further proceedings. (Doc. 26, filed Aug. 19, 2010). Plaintiff has not filed an objection to the report. This Court respectfully declines to adopt the Magistrate's recommendation and affirms the Commissioner's decision to deny benefits.

### I. BACKGROUND

On August 17, 2004, Gerig applied for SSI benefits, alleging that she had been disabled and unable to work since September 15, 1994. The Social Security Administration ("SSA") denied Gerig's application both initially and upon reconsideration. At Gerig's request, the

Administrative Law Judge ("ALJ") held a hearing. In a May 23, 2007 decision, the ALJ made the following relevant findings: (1) although Gerig had chronic bronchial asthma/emphysema/obstructive pulmonary disease, her impairments were not severe enough to prevent her from performing substantial gainful activity; (2) Gerig retained the residual functional capacity ("RFC") for sedentary work with some environmental and postural limitations; and (3) Gerig remained mentally capable of performing all but unsupervised complex work. (R. 28.) Based on her capacity for sedentary work, age, education, and lack of relevant work experience, the ALJ concluded that Gerig was not under a "disability" within the meaning of Title XVI of the Social Security Act, 20 C.F.R. § 416.920(e). (Id.)

Gerig appealed to the Appeals Council, which denied her request for review. Proceeding pro se, she now appeals to this Court.

## I. STANDARD OF REVIEW

"An ALJ's decision will be reversed only if the decision is not supported by substantial evidence." Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998); 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). "Substantial evidence is more than a scintilla, and must do more than create a suspicion of the existence of the fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982) (internal quotations and citation omitted). Even if the Court finds that the evidence weighs against the SSA's decision, the Court

must affirm if the Commissioner's decision is supported by substantial evidence. Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).

## II. DISCUSSION

Gerig does not specifically dispute any of the ALJ's findings nor does she allege any specific error. Instead, Gerig simply asserts that based on the evidence of record, she is unable to work. Thus, the Court is left to guess at the basis for her appeal. Nonetheless, after examination of the evidence upon which the Commissioner relied, this Court finds that the ALJ's decision is supported by substantial evidence.

*A. Medical Records*

As an initial matter, the Court notes that Gerig attached more than fifty pages of medical records to her Memorandum (Doc. 24, filed Sept. 30, 2009), all of which post-date the ALJ's decision and none of which were before the Commissioner during the administrative proceedings. Pursuant to 42 U.S.C. § 405(g), although a district court may remand a case to the SSA for consideration of newly discovered evidence, the new evidence must relate to the time period before the ALJ's decision. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998); Beech v. Apfel, 100 F. Supp. 2d 1323, 1335 (S.D. Ala. 2000). Here, the attached medical records do not relate to the period on or before the ALJ's decision and are therefore not relevant to the Court's review of the decision. Accordingly, the Court will not consider them in resolving this matter.

*B. Claimant's Residual Functional Capacity*

Where, as here, a claimant lacks past relevant work experience, the Commissioner bears the burden of proving the existence of other jobs in the national economy that the claimant can perform. Wolfe v. Chater, 86 F.3d 1072, 1077 (11th Cir. 1996) (citing Francis v. Heckler, 749 F.2d 1562, 1566 (11th Cir. 1985)). In determining whether the claimant can adjust to other work, the ALJ must take into account the claimant's RFC, age, education, and previous work experience. Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004); 20 C.F.R. § 404.1545(a). The RFC is an assessment, based upon all relevant medical and other evidence in the case record, of a claimant's ability to do work despite her limitations. Id.

Here, the ALJ found that Gerig was able to perform a full range of work at a sedentary level[1] with some environmental limitations related to exposure to pulmonary irritants and some postural limitations. (R. 27-28.) In making this determination, the ALJ considered all of the record evidence and properly evaluated the opinions of Gerig's treating physicians, the assessments of State Agency medical consultants, and Gerig's subjective complaints. The Court therefore finds that the substantial evidence supports the ALJ's conclusion.

Reports from treating and consulting physicians are consistent with the ALJ's findings, with the exception of the opinion of Dr. Loria. The Eleventh Circuit has stated that "[t]he weight afforded a physician's conclusory statements depends upon the extent to which they are supported by clinical or laboratory findings and are consistent with other evidence as to

---

[1] "Sedentary work" entails sitting for six hours, standing/walking two hours, and occasionally lifting/carrying 10 pounds in an eight-hour workday. 20 C.F.R § 404.1567(a).

claimant's impairments." Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). "The ALJ may also devalue the opinion of a treating physician where the opinion is contradicted by objective medical evidence." Green v. Social Sec. Admin., 223 F. App'x. 915, 922 (11th Cir. 2007) (citing Ellison v. Barnhart, 355 F.3d 1272, 1275-76 (11th Cir. 2003)). Here, Dr. Loria did not provide any objective clinical findings to support his conclusion that Gerig was "unable to work" due to moderate restrictive asthma. (R. 188.) Furthermore, Dr. Loria's conclusory statements are inconsistent with reports of several other treating and consulting physicians and thus failed to establish disability dispositively. Therefore, the ALJ properly discounted Dr. Loria's opinion.

Instead, the ALJ relied heavily on the opinions of Gerig's treating physicians, Dr. Sriraman and Dr. Fashakin, who indicated that Gerig could occasionally lift and carry ten pounds in an eight-hour workday and standing/walking, sitting, pushing, and pulling were not affected by the impairment. (R. 285, 289, 290.) Dr. Sriraman also noted that Gerig could occasionally climb and perform other postural activities frequently but that she was environmentally limited to exposure to dust, fumes, odors, chemicals and gases. (R. 290-91.) Similarly, Dr. Fashakin stated that Gerig was precluded from exertional manual labor and had some environmental limitations. (R. 323, 334, 335.) In his report, Dr. Fashakin also noted that Gerig continued to smoke half a pack of cigarettes a day despite repeated counseling regarding cessation. (R. 164, 167-68, 170-71, 173, 319.)

Turning to Gerig's mental health, evidence was introduced, namely the opinions of Dr. Rupp-Goolnick and state agency medical consultants, that Gerig remained mentally capable of

performing all but unsupervised, complex work. (R. 27.) Taking into account Gerig's subjective complaints of emotional restrictions, the ALJ concluded that the evidence did not support a claim that Gerig had disabling mental limitations. (R. 28.)

Based on the foregoing evidence, the ALJ found that Plaintiff had not established pain or other symptoms of such severity as to render her totally disabled and preclude performance of sedentary work.[2] (R. 28, 61.) In arriving at his conclusion, the ALJ not only fully considered the medical evidence of Gerig's respiratory limitations and exacerbations of respiratory problems due to her smoking habit, but also took into account Gerig's subjective complaints. Accordingly, this Court finds that the ALJ fully considered Gerig's functional limitations and that the finding that Gerig retained the RFC to perform sedentary work is supported by substantial evidence.

*B. Reliance on the Medical Vocational Guidelines*

The Magistrate's Report and Recommendation suggests that the ALJ did not consider the extent to which Gerig's environmental limitations may erode the sedentary occupational base, making reliance on the Medical Vocational Guidelines (the "Guidelines")[3] improper. Once an ALJ has determined the claimant's RFC and ability or inability to return to past relevant

---

[2] Table 1 of the grid system applies to those whose work capacity is limited to sedentary work.

[3] The medical-vocational guidelines, promulgated by the SSA, are contained in 20 C.F.R. Part 404, Subpart P, Appendix 2. The heart of the guidelines are Tables 1, 2, and 3, often referred to as the grid system, which interrelate a claimant's age, educational background, and previous work experience with the claimant's RFC. Ronald I. Mirvis, Annotation, *Use of Medical-Vocational Guidelines in Determining Disability of Social Security Benefits Claimant*, 60 A.L.R. Fed. 796 (2009). The tables direct factual conclusions as to whether the claimant is disabled or not disabled. Id.

work, the ALJ may use the Guidelines as a framework to determine whether other jobs exist in the national economy that a claimant is able to perform. Phillips, 357 F.3d at 1242. The Guidelines allow the Commissioner to satisfy the burden of proving the existence of "other work" without having to resort to the testimony of a vocational expert. "If the claimant can make the adjustment to other work, the ALJ will determine that the claimant is not disabled." Id. at 1239. Exclusive reliance on the Guidelines is not appropriate, however, when the claimant is either: (a) unable to perform a full range of work at a given residual functional level; or (b) suffers nonexertional impairments that significantly limit basic work skills. Id. at 1242. When nonexertional impairments are not found to be credible, reliance on the Guidelines is appropriate. Martin v. Railroad Ret. Bd., 935 F.2d 230, 234 (11th Cir. 1991).

In this case, the ALJ clearly found that: (1) Gerig had the residual functional capacity to perform the exertional and nonexertional requirements of sedentary work; (2) her complaints of physical and mental restrictions were not substantiated by the medical evidence; and (3) Gerig had little physical limitations and some environmental restrictions, but not to the extent that she would be prevented from performing substantial gainful activity. (R. 28.)

Thus, the ALJ did in fact evaluate whether Gerig's environmental limitations resulting from her respiratory problems significantly eroded the sedentary occupational base. Based on record evidence, the ALJ concluded that Gerig's environmental limitations were not severe enough to impose significant restrictions on the range of work at the sedentary level that the claimant is exertionally able to perform. (R. 28.) In light of these findings, this Court must

conclude that the ALJ was entitled to rely on the Guidelines in evaluating Plaintiff's claim of disability.

## IV. CONCLUSION

Upon consideration of the Report and Recommendation of the Magistrate, and upon independent examination of the entire file, the Court declines to adopt the Magistrate's Report and Recommendation and **AFFIRMS** the final decision of the Commissioner. The Clerk of the Court is directed to enter judgment accordingly and to **CLOSE** the case.

**DONE** and **ORDERED** in Orlando, Florida on this \_\_22\_\_ day of September, 2010.

**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Pro Se Plaintiff